# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Jennifer Madrigal,**

        **Plaintiff,**

**v.**                                                            Case No. 19-2472-JWL

**Unified School District No. 512,**

        **Defendant.**

## MEMORANDUM & ORDER

Plaintiff filed this lawsuit against defendant alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et seq., as amended by the ADA Amendments Act of 2008 ("ADAAA"). This matter is before the court on two motions—defendant's motion for partial judgment on the pleadings (doc. 16) and plaintiff's motion for leave to file an amended complaint (doc. 21). As will be explained, both motions are granted in part and denied in part.

**Applicable Standards**

A motion for judgment on the pleadings made pursuant to Federal Rule of Civil Procedure 12(c) is treated as a motion to dismiss for failure to state a claim made pursuant to Rule 12(b)(6). *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (citing *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992)). In analyzing defendant's motion, the court accepts as true "all well-pleaded factual allegations in the complaint and view[s]

them in the light most favorable to the plaintiff." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citation omitted). The court then determines whether the plaintiff has provided "enough facts to state a claim to relief that is plausible on its face." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (citations omitted). In determining the plausibility of a claim, the court looks to the elements of the particular cause of action, "keeping in mind that the Rule 12(b)(6) standard [does not] require a plaintiff to set forth a prima facie case for each element." *Id.* (quotations omitted). While "the nature and specificity of the allegations required to state a plausible claim will vary based on context," "mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Id.* (citations and quotations omitted). Thus, a "claim is facially plausible if the plaintiff has pled 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Leave to amend a complaint should be "freely" given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). "A district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (internal quotations omitted).

**Background**

Consistent with the standard articulated above, the following well-pleaded allegations, taken from plaintiff's complaint, are accepted as true. Plaintiff was employed as an art teacher at

defendant's Westwood View Elementary school beginning in August 2015. Consistent with a district policy that permitted her to do so, plaintiff transferred her children to Westwood View Elementary school beginning in August 2017. Plaintiff's daughter has a chromosome disorder which affects her ability to speak, communicate, perform self-care, and learn. Plaintiff alleges that the principal at Westwood View Elementary school was resistant to the idea of plaintiff's daughter transferring to the school and, after the transfer occurred, was upset about the transfer. According to the complaint, the principal did not want plaintiff's daughter to attend Westwood View based on her disability. Plaintiff alleges that after her daughter transferred to Westwood View, the principal of the school changed the way in which she treated plaintiff. According to plaintiff, the principal began criticizing plaintiff's teaching performance, challenging plaintiff's use of "flex hours," criticizing plaintiff's use of technology in the classroom and generally singling plaintiff out for unfavorable treatment.

In September 2017, plaintiff complained to one of defendant's Human Resources managers that she believed she was being discriminated against based on her daughter's disability. She contends that the District was dismissive of her complaint. Shortly thereafter, the principal of the school allegedly began observing plaintiff's classroom more frequently, reprimanded plaintiff for discussing her daughter's needs with the school's paraprofessional, created additional performance goals for plaintiff to attain and manufactured a complaint from a parent about plaintiff's teaching. Plaintiff received a negative performance evaluation in November 2017. Plaintiff alleges that in February 2018, the principal mocked plaintiff's daughter in plaintiff's presence. Thereafter, the principal informed plaintiff that her contract would not be renewed for the next school year. Ultimately, the school board voted not to renew plaintiff's contract. Her

3

employment ended on May 29, 2020. In her lawsuit, she contends that the District discriminated against her and retaliated against her based on her daughter's disability.

**Discussion**

The court begins with defendant's motion for judgment on the pleadings, part of which is unopposed by plaintiff. Specifically, plaintiff concedes that her assertion of a claim for punitive damages against the school district was in error. *See* 42 U.S.C. § 1981a(b)(1). Defendant's motion, then, is granted on that issue.

Next, defendant asserts that judgment on the pleadings is warranted on plaintiff's claims for back pay and front pay because plaintiff, after her contract with defendant was not renewed, immediately obtained a higher paying job with another school district—a fact that defendant summarily asserts is subject to judicial notice. *Tal v. Hogan*, 453 F.3d 1244, 1264-65 n.24 (10th Cir. 2006) (facts subject to judicial notice may be considered in a Rule 12(c) motion without converting the motion into one for summary judgment). But defendant has not demonstrated that its assertion that plaintiff obtained a higher paying job meets the standards for taking judicial notice under Federal Rule of Evidence 201 and it concedes in its reply brief that it failed to attach the entire exhibit upon which it relies in support of its argument that plaintiff obtained a higher paying job.

Regardless, even assuming that plaintiff obtained a higher paying job from another employer, that fact, standing alone, would not nullify plaintiff's claims for back pay and front pay. For purposes of assessing those damages, the first question is what plaintiff would have earned from defendant in the absence of the alleged unlawful employment action through the date of

4

judgment. *See Daniel v. Loveridge*, 32 F.3d 1472, 1477 (10th Cir.1994). The answer to that question is determined by looking not only at plaintiff's most recent salary but also, by way of example, any applicable pay scale utilized by defendant and plaintiff's trajectory on that scale. In other words, defendant's argument concerning plaintiff's higher paying job simply does not account for other factors that must be considered in determining back pay and front pay damages and, more precisely, in determining what plaintiff would have earned absent the alleged unlawful action. Suffice it to say, plaintiff has expressly pled that she lost wages as a result of defendant's conduct and it is certainly plausible that she did so. Defendant's motion on these issues is denied.

Lastly, defendant moves for judgment on the pleadings to the extent plaintiff seeks compensatory damages with respect to her ADA retaliation claim.[1] In support of its argument that plaintiff cannot recover such damages, defendant relies on a string of cases from this District rejecting compensatory damages in ADA retaliation cases based on the pertinent statutory framework. Beginning in *Boe v. AlliedSignal Inc.*, 131 F. Supp. 2d 1197 (D. Kan. 2001), Judge VanBebber analyzed this issue at length by examining the four subchapters of the ADA to determine that § 12117 adopts the remedies in Title VII of the Civil Rights Act of 1964. After careful review of the Civil Rights Act of 1964 and 1991, Judge VanBebber determined that the

---

[1] Defendant raises two additional issues in its motion that the court will not resolve at this juncture. Defendant moves for judgment on the pleadings to the extent plaintiff seeks injunctive relief, arguing that reinstatement is not viable in light of the strained relationship between the parties and the fact that plaintiff cannot breach her contract with her current employer. This factual issue is not amenable to resolution in the context of a Rule 12(c) motion. Defendant also moves for judgment on the pleadings to the extent plaintiff seeks a jury trial on her ADA retaliation claim. This issue need not be resolved at this juncture and is more appropriately resolved at the final pretrial conference.

statutory language provided compensatory and punitive damages for ADA discrimination claims but not for ADA retaliation claims. *Id*. at 1203.

Since *Boe*, judges in this District—including the undersigned judge—have addressed the issue on several occasions and have uniformly adopted Judge VanBebber's analysis. *See Lawson v. Kansas City, Kansas Pub. Schs*., 2020 WL 1528527, at *10 (D. Kan. 2020) (Robinson, J.); *Watson v. U.S.D. No. 500*, 2020 WL 1028209, at *3-4 (D. Kan. 2020) (Melgren, J.); *Crumpley v. Associated Wholesale Grocers*, 2018 WL 1933743, at *52 (D. Kan. Apr. 24, 2018) (Crabtree, J.); *Umholtz v. Kansas, Dep't of Soc. & Rehab. Servs*., 926 F. Supp. 2d 1222 (D. Kan. 2013) (Rogers, J.); *Simpson v. Hospira, Inc*., 2009 WL 10706747, at *1-2 (D. Kan. 2009) (Belot, J.); *Sink v. Wal-Mart Stores*, Inc., 147 F. Supp. 2d 1085, 1100–01 (D. Kan. 2001) (Lungstrum, J.).

While the Tenth Circuit has not addressed the issue,[2] those Circuit Courts of Appeal that have addressed the issue have held that compensatory damages are not available for ADA retaliation claims. *See Alvarado v. Cajun Operating Co*., 588 F.3d 1261, 1264–70 (9th Cir. 2009); *Kramer v. Banc of America Securities, LLC*, 355 F.3d 961, 964–66 (7th Cir. 2004); *Bowles v. Carolina Cargo, Inc.*, 100 Fed. Appx. 889 (4th Cir. June 14, 2004). Based on the clear weight of these authorities, the court concludes that plaintiff is not entitled to compensatory damages on her ADA retaliation claim. As this court noted in *Sink*, "[w]hile the court can discern no logic in a rule that precludes an award of compensatory and punitive damages in an ADA retaliation case

---

[2] In *EEOC v. Wal–Mart Stores, Inc*., 187 F.3d 1241, 1246 (10th Cir. 1999), the Tenth Circuit affirmed a jury verdict where compensatory and punitive damages were awarded on an ADA retaliation claim. But the Circuit was not asked to address whether the law permitted the plaintiff to recover such damages for an ADA retaliation claim, only whether the evidence supported the punitive damages award. The court, then, rejects plaintiff's argument that this case supports the conclusion that such damages are permitted.

when such damages are available in Title VII retaliation cases, the court is nonetheless confined to the construction of the statute. And while the court cannot say whether Congress intended such a rule or whether the rule is simply the result of an oversight by Congress, it is an issue that Congress should address." *Sink*, 147 F. Supp. 2d at 1101.[3]

The court turns, then, to plaintiff's motion for leave to file an amended complaint. The proposed amended complaint removes plaintiff's claim for punitive damages and otherwise provides additional factual context for plaintiff's substantive claims. Defendant opposes the motion only on the grounds that amendment is futile based on the arguments asserted in its motion for judgment on the pleadings. To the extent the court has rejected those arguments or declined to address those arguments, the court similarly rejects defendant's futility argument. The court, however, granted defendant's motion with respect to plaintiff's request for compensatory damages and, thus, plaintiff's amended complaint must delete the reference to compensatory damages with respect to her ADA retaliation claim. Plaintiff shall file her amended complaint no later than Wednesday, April 15, 2020.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for judgment on the pleadings (doc. 16) is **granted in part and denied in part**; and plaintiff's motion for leave to file an amended complaint (doc. 21) is **granted in part and denied in part**.

---

[3] Defendant also contends that plaintiff's ADA retaliation claim should be dismissed in its entirety because she cannot recover any damages with respect to that claim. Because the court has rejected defendant's argument as to back pay and front pay, the court necessarily rejects this argument as well.

7

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff shall file her amended complaint no later than Wednesday, April 15, 2020.

**IT IS SO ORDERED**.

Dated this 1st day of April, 2020, at Kansas City, Kansas.

<pre>
                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge
</pre>